UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Carlton Biggers,

            Petitioner,

v.

Dwight Fondren, Warden,
FCI-Sandstone,

            Respondent.           Civ. No. 09-561 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Carlton Biggers ("Biggers") for a Writ of Habeas Corpus, pursuant to Title 28 U.S.C. §2241. In his Petition, Biggers claims that the Bureau of Prisons ("BOP") has denied him the opportunity to have his sentence reduced, pursuant to Title 18 U.S.C. §3621(e)(2)(B). Biggers appears pro se, and the

Respondent appears by Ana H. Voss, Assistant United States Attorney. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be denied.

II. Factual and Procedural Background

Biggers is currently serving an aggregated 210-month sentence at the Federal Correctional Institution, in Sandstone, Minnesota ("FCI-Sandstone"), which is to be followed by five (5) years of supervised release. His sentence followed his conviction for Conspiracy to Distribute Methamphetamine and Cocaine, in violation of Title 21 U.S.C. §§846, and 841(b)(1)(A), in the United States District Court for the District of New Mexico. See, Declaration of Ann C. Kinyon, ("Kinyon Decl."), Docket No. 5, at ¶2, and Attachment A, Public Information Data at p. 3. Biggers has a projected release date of January 4, 2011, via good conduct time release. Id.

The BOP deemed Biggers ineligible for early release under Title 18 U.S.C. §3621(e), based upon a sentence enhancement, that he had received for an obstruction of justice, as a result of pointing a gun at, and threatening to kill, a witness. Id. at ¶3, and Attachment E, Request for Unit Team Determination (Instant Offense), at p. 1, and Attachment F, Presentence Investigation Report ("PSI"), at p. 15 ¶77. Section 3621(e) allows certain prisoners, dependent upon the BOP's discretion, to be released up to one year early, upon the successful completion of drug treatment. In denying

Biggers' request for early release, the BOP relied upon Program Statement 5162.04. Id. at ¶3, and Attachment D, PS 5162.04, Categorization of Offenses.

Following his denial of early release eligibility, Biggers filed his current Habeas Petition, on March 11, 2009, in which he claims that the BOP's decision to deny him early release, under Section 3621(e)(2)(B), is contrary to the language of the Statute, which provides for the early release of those serving sentences for nonviolent offenses, and which, he contends, refers directly to the offense for which he was convicted. See, Petition, Docket No. 1, at p. 7. As noted, Biggers was convicted of a conspiracy to distribute methamphetamine and cocaine, so, in other words, he asserts that the sentence enhancement, that was imposed for threatening a witness with a gun, is "unconvicted conduct" that should not preclude him from early release for a nonviolent offense, under Section 3621(e), or under the BOP's Program Statement 5162.02.

The Respondent contends that the Petition should be dismissed because Biggers has failed to exhaust his administrative remedies. See, Government's Response, Docket No. 4, at pp. 12-13. As to the merits of the Petition, the Respondent contends that the BOP correctly determined that Biggers is not eligible for early release, in

accordance with the BOP's Program Statements.  Id. at pp. 14-17.[1]  The Respondent notes that Biggers cited Program Statement 5162.02 in his Petition, but that the Respondent denied him early release based upon Program Statement 5162.04, which replaced Program Statement 5162.02.  Id. at pp. 15-16.

By way of additional background, Congress statutorily granted the BOP discretion to reduce the period of incarceration, for up to one (1) year, as to those prisoners who are convicted of a nonviolent offense, and who successfully complete a residential drug treatment program.  See, Grove v. Federal Bureau of Prisons, 245 F.3d 743, 745 (8th Cir. 2001), citing Title 18 U.S.C. §3621(e)(2)(B); see also, Title 18 U.S.C. §3621(b)(the BOP shall "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse.").

Accordingly, the BOP has adopted regulations, and has issued a Program Statement, in order to implement Section 3621(e) which, together, define an inmates' eligibility for early release.  See, Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999),

---

[1]The Respondent also argues that Biggers does not have a liberty interest in early release under Title 18 U.S.C. § 3621(e)(2)(B).  See, Government's Response, Docket No. 4, at pp. 17-19.  However, we need not address that argument because Biggers has not asserted a constitutional challenge in his Habeas Petition.

aff'd, Lopez v. Davis, 531 U.S. 230 (2001), citing 28 C.F.R. §550.58, and BOP Program Statement 5162.04 (Categorization of Offenses); Gatewood v. Outlaw, 560 F.3d 843, 844-46 (8th Cir. 2009), cert. denied, --- U.S. ---, 130 S.Ct. 490 (November 2, 2009)(describing administrative and judicial history surrounding Title 18 U.S.C. §3621(e)(2)(B)).

28 C.F.R. §550.58 provides certain additional early release criteria, including categories of inmates who are not eligible for early release, based upon the discretion of the Director of the BOP.[2] See, Gatewood v. Outlaw, supra at 845-46. Section 6 of Program Statement 5162.04 lists the offenses that are crimes of violence, and Section 7 lists offenses that are not crimes of violence, but that would, nevertheless, preclude an inmate from receiving certain program benefits, at the Director's discretion. See, Kinyon Decl., supra at Attachment D, PS 5162.04, Categorization of Offenses.

Section 7(b) of Program Statement 5162.04 provides, in pertinent part, as follows:

---

[2]On March 16, 2009, the BOP finalized three (3) proposed Rules, in order to achieve a uniform, comprehensive revision of the drug abuse treatment program regulations. See, 74 FR 1892-01. As a result, the regulation on eligibility for early release is now codified at 28 C.F.R. §550.55, and Section 550.58 has been eliminated.

> b. <u>Criminal Offenses with a Specific Offense Characteristic Enhancement</u>
>
> Convictions for an offense listed below, like those listed in 7.a, may or may not satisfy the standard listed in the introductory portion of Section 7.
>
> At the time of sentencing, the court makes a finding of whether the offense involved the use or threatened use of force, and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled "Specific Offense Characteristics." This subsection references a particular U.S. Sentencing Guideline that provides for an increase in the Total Offense Level if the criminal violation was committed with force.
>
> \* \* \*
>
> Some of the offenses listed below may correspond to more than one Sentencing Guideline, only one of which includes a Specific Offense Characteristic for the use of force.

Title 21 U.S.C. §§841, and 846, which are the statutes that Biggers was convicted under, are among the offenses listed under Section 7.b of Program Statement 5162.04. The Offense Computation section of Biggers' PSI reflects that he received a two (2) level increase, pursuant to 3C1.1 of the United States Sentencing Guidelines, for threatening a witness with a gun, during the investigation stage of the convicted offense. See, <u>Kinyon Decl.</u>, supra at ¶3, and Attachment D, P.S. 5162.04, Categorization of Offenses at pp. 11, 14; Attachment F, PSI at 21¶112. Accordingly,

as argued by the Respondent, "Biggers was deemed ineligible for the early release incentive because the offense for which he is currently incarcerated involved the threatened use of physical force against a witness." See, Government Response, supra at p. 15, citing Kinyon Decl. ¶3, Attachment D, P.S. 5162.04, Categorization of Offenses at pp. 11, 14; Attachment E, Request for Unit Team Determination (Instant Offense).

With that statutory, and regulatory, background in mind, we address the parties' arguments, in turn.

### III. Discussion

A. Exhaustion of Administrative Remedies. The BOP has a sequential Administrative Remedy Program (the "Program"), which is described in 28 C.F.R. §§542.10, et seq. The Program requires that an inmate "first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue." 28 C.F.R. §542.13(a). If the inmate is not satisfied with the informal resolution, then he can submit a written Administrative Remedy Request to the Warden of the facility, within "20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. §542.14(a). "Once filed, response shall be made by the Warden * * * within 20 calendar days." 28 C.F.R. §542.18.

"An inmate who is not satisfied with the Warden's response may submit an Appeal * * * to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. §542.15(a). The Regional Director's response is due thirty (30) calendar days thereafter. See, 28 C.F.R. §542.18. "An inmate who is not satisfied with the Regional Director's response may submit an Appeal * * * to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. §542.15(a). The General Counsel's response is due forty (40) calendar days thereafter. See, 28 C.F.R. §542.18. "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. §542.15(a). Therefore, in order to have exhausted his administrative remedies, an inmate must have followed the sequential process through to a final determination, by the General Counsel.

The Record discloses that Biggers has not filed any administrative remedies, with respect to the issues raised in his Petition. See, Kinyon Decl., supra at ¶4 and Attachment G, Administrative Remedy Data. Accordingly, when Biggers filed his Habeas Petition, he had not initiated, let alone exhausted, his administrative remedies process, and the Respondent asks that we dismiss the Habeas Petition, while Biggers has not responded to that issue. It is well-established that inmates, who are

challenging the computation or execution of their sentences, must first exhaust their administrative remedies. See, United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) cert. denied, 549 U.S. 1152 (2007). Nonetheless, the exhaustion requirement is not jurisdictional. See, Frango v. Gonzales, 437 F.3d 726, 728-29 (8th Cir. 2006); Lueth v. Beach, 498 F.3d 795, 797 n. 3 (8th Cir. 2007), cert. denied, --- U.S. ---, 128 S.Ct. 927 (January 7, 2008); Somerset v. Fondren, 2009 WL 3461410 at *2 (D. Minn., October 20, 2009). Accordingly, the Courts have excused a prisoner's failure to exhaust his administrative remedies, where it would have been futile to do so. Frango v. Gonzales, supra; Elwood v. Jeter, 386 F.3d 842, 844 n. 1 (8th Cir. 2004) (noting that the Government had waived the exhaustion requirement because it had conceded that continued use of the grievance procedure to contest the validity of the BOP's policy would be futile); Knish v. Stine, 347 F. Supp.2d 682, 686-87 (D. Minn. 2004).

The Respondent, relying on its Program Statement, argues that the Petition fails on its merits. Given Respondent's position, an exhaustion of administrative remedies would arguably be futile, since the issue appears to have been predetermined by the BOP. Accordingly, Biggers' failure to exhaust his administrative remedies should be excused, and therefore, we proceed to a consideration of the merits of his claim.

B.    <u>Whether the BOP violated Title 18 U.S.C. §3621(e)(2)(B) when it denied Biggers early release eligibility</u>?

Biggers contends that, because he was not convicted of threatening a witness with a gun -- even though that conduct was the basis for a sentencing enhancement to his conviction -- he cannot be denied early release under Title 18 U.S.C. §3621(e)(2)(B). In support of his argument, Biggers cites to <u>Fristoe v. Thompson</u>, 144 F.3d 627 (10th Cir. 1998), and <u>Sesler v. Pitzer</u>, 110 F.3d 569 (8th Cir. 1997), cert. denied, 522 U.S. 877 (1997).[3] For his part, the Respondent contends that the BOP can use its discretionary authority to categorically exclude from early release, those inmates with sentencing enhancements that involved the use or threatened use of force or a firearm, relying upon the Supreme Court's decision in <u>Lopez v. Davis</u>, supra.

---

[3]We cannot discern how <u>Sesler</u> could support Biggers' argument. See, <u>Sesler v. Pitzer</u> 110 F.3d 569, 571-72 (8th Cir. 1997). There, our Court of Appeals held that a violation of Title 18 U.S.C. §924(c)(1), which prohibits the use of a firearm during, and in relation to, a drug trafficking crime, is not a nonviolent offense within the meaning of Section 3621(e)(2)(B). <u>Id.</u> As we have noted, Biggers was convicted under Title 18 U.S.C. §§841, and 846, and he was denied early release based upon a sentencing adjustment for obstruction of justice. Therefore, <u>Sesler</u> provides Biggers no support and, in any event, to the extent the analysis in <u>Sesler</u> may be inconsistent with the Supreme Court's subsequent decision in <u>Lopez</u>, the decision in <u>Lopez</u> must control. See, <u>Lopez v. Davis</u>, 531 U.S. 230 (2001).

The Fristoe case, upon which Biggers relies, has been called into doubt by Lopez. In Fristoe, the Court of Appeals for the Tenth Circuit held that the BOP policy,[4] which provided for the consideration of sentencing factors in determining whether a prisoner was convicted of a violent crime, under Title 18 U.S.C. §3621(e)(2)(B), violated that Statute. See, Fristoe v. Thompson, supra at 631-32. The Court reasoned that reliance upon a sentencing enhancement conflicted with the plain language of the Statute, which makes prisoners who are "**convicted** of a nonviolent offense" eligible for early release. Id. at 631 [emphasis added]. The Court found that the issue was whether the BOP could treat a sentence enhancement as a "conviction" for another offense, and went on to determine that such a reading would undermine the express language of the Statute. Id. at 632.

Subsequently, the United States Supreme Court addressed the validity of BOP regulation, 28 C.F.R. §550.58(a)(1)(vi)(B), which categorically denies early release to prisoners whose offense was a felony that was attended by the carrying, possession, or use of a firearm. See, Lopez v. Davis, supra at 232-33. The Supreme Court held that the regulation was valid. Id. at 244. The Court construed Section 3621(e)(2)(B)

---

[4]The policy referred to was found in Program Statement 5162.02, which has since been replaced.

to mean that the BOP has the authority, but not the duty, to reduce a prisoner's term of imprisonment, when he has successfully completed drug treatment. Id. at 241. The Court reasoned that, because the Statute did not identify the circumstances under which the BOP must grant the reduction, or when the BOP is forbidden from granting the reduction, the BOP need only fill the statutory gap "in a way that is reasonable in light of the legislature's revealed design." Id. at 242, quoting NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co., 513 U.S. 251, 257 (1995), citing, in turn, Chevron U.S.A. Inc. v. Natural Resources Defense Counsel, Inc., 467 U.S. 837, 842 (1984).

The Court found that the BOP's interpretation was reasonable, both in terms of taking into account preconviction conduct, and in making categorical exclusions. Id. The Court concluded that "the statute manifests congressional concern for preconviction behavior," id. at 242, and further held that the BOP may **categorically** exclude prisoners from early release based upon their preconviction conduct. Id. at 244. Of course, that is precisely what the BOP has done in its application of Program Statement 5162.04, Section 7, to Biggers' circumstance. Therefore, under Lopez, the BOP properly denied Biggers request for early release, pursuant to Section 3621(e)(2)(B), in accordance with 28 C.F.R. §550.58, and Program Statement

5162.04, because Biggers' PSI revealed preconviction conduct, which involved the threatening of a witness with a gun, in connection with his conviction for conspiracy to distribute methamphetamine and cocaine. Cf., Melendez v. Fondren, 2009 WL 1138645 at *2 (D. Minn., April 27, 2009)("[E]ven though Petitioner may be statutorily eligible for reduced sentence, the BOP has declared him to be categorically ineligible for a reduced sentence * * * because of his gun-enhanced sentence.").[5]

---

[5]Our independent research discloses that every Court, which has considered circumstances that are analogous to those presented by Biggers, has rejected the paralleling Habeas claims. See, e.g., Lowery v. Hickey, 2008 WL 4415108 at *3 (S.D. W.Va., September 23, 2008)("P.S. 5162.04 precludes early release consideration pursuant to 18 U.S.C. §3621(e)(2)(B), for any inmate whose drug conviction under 28 U.S.C. §841 or 846 was enhanced based upon possession of a firearm because 'possession of a dangerous weapon during the commission of a drug offense poses a substantial risk that force may be used against persons or property."), quoting Program Statement 5162.04, Section 7; Hestand v. U.S. Dep't of Justice, 2008 WL 1925057 at *2 (E.D. Mich, May 1, 2008)("28 C.F.R. §550.58(a)(1)(vi)(A) indicates that inmates whose current offense is a felony which involved an element of the actual, attempted, or threatened use of physical force against the person or property of another were not eligible for early release under §3621(d)(2)(B)."); Gammicchia v. Eichenlaub, 2007 WL 4126355 at *2 (E.D. Mich., November 20, 2007)("Because the threatened use of physical force against another person or property is one of the criteria that categorically excludes an inmate from eligibility for the one year sentence reduction under §3621(e), the BOP justifiably denied petitioner's request for early release pursuant to §550.58(a)(1)(vi)(A)."); Perez v. Hemingway, 157 F. Supp.2d 790, 794-795 (E.D. Mich. 2001)(same); Whipple v. Herrera, 69 F. Supp.2d 1310, 1316-18 (D. Colo. 1999).

Accordingly, given the controlling effect of Lopez, we find that Biggers' Petition is without merit, and therefore, we recommend that his Petition be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED.

Dated: February 23, 2010          *s/Raymond L. Erickson*
                                                 Raymond L. Erickson
                                                 CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 9, 2010,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 9, 2010,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.